FITTON and Wife *v.* PHŒNIX ASSUR. Co. and others.

*(Circuit Court, D. Vermont.   December 29, 1885.)*

FIRE INSURANCE — CONTRACT FOR INSURANCE IN SEVERAL COMPANIES — INSURANCE AND LOSS, HOW DIVIDED.

 Insurance agents made the following written agreement: "We hereby agree to bind, from date, $12,000 of insurance on woolen-mill and machinery, at Cambridgeport, as per survey on file at our office, in the North British & Mercantile, Commercial Union, Guardian, and Phœnix of London, Insurance Companies, at 3 per cent." *Held,* that the policies under this agreement were to be issued for equal amounts by each company, respectively, and that each company was liable for $3,000 in case of loss.

In Equity.
For facts of case see 20 Fed. Rep. 766.
*Martin H. Goddard,* for orators.
*W. S. B. Hopkins* and *Martin & Eddy,* for defendants.

WHEELER, J.   The issues of fact, which were sent to a jury in this case, (23 Fed. Rep. 3,) have been tried, and, by verdict, found for the plaintiffs. A question was raised as to the value of the property destroyed by fire. This question was, by agreement, referred to a master, who has reported the value to have been $14,333. No exceptions have been filed to that report. The sum for which insurance was agreed was $12,000. Therefore there is no question but that there should be a decree for the full amount agreed for. The only remaining question is whether there shall be a decree against all the companies for the whole, or against each for its proportion. This question was left open when the demurrer of these defendants was overruled. 20 Fed. Rep. 766. This is not an agreement of insurance as such agreements are set forth and expressed in policies of insurance duly executed by the insurers, but is an agreement for insurance signed by agents of the respective companies, as such agents, to be so set forth in a policy or policies to be thereafter executed.

One ground of the jurisdiction of the court as a court of equity is that there might be a decree for specific performance of the agreement by actual execution and delivery of the policies according to the terms of the agreement. Then full relief would be given, as is usual in equity cases, by further decree for the payment of the loss according to the terms of the policies. *Tayloe* v. *Merchants' Ins. Co.*, 9 How. 390; Wood, Ins. 29, 32. In form, the decree for the execution and delivery of the policies is frequently omitted, and a decree for the payment of the loss only is made, where there has been a loss; but the grounds for the decree remain the same. So the real question here now is as to what policies would be required to carry out the agreement made by the agents with the plaintiffs; whether there should be one policy for the whole amount, duly executed and delivered by all the companions jointly, or a separate policy executed and delivered by each for its share of the risk. The terms of the agreement are in the writing, but these terms are to be applied, as those of all written agreements are, to the subjects to which they relate. The writing is:

"*To Mrs. Helen M. Fitton*—DEAR MADAM: We hereby agree to bind, from date, twelve thousand dollars of insurance on woolen-mill and machinery, at Cambridgeport, as per survey on file at our office, in the North British & Mercantile, Commercial Union, Guardian, and Phœnix of London, Insurance Companies, at three per cent."

These companies are not shown to have, nor understood to have, any business relations with each other further than that each insures property against loss by fire. The agents who signed the writing are not shown nor understood to be agents of the companies jointly, to act for all; but are understood to be the agents of each, to act for it, in effecting insurance. Their acts should be construed in accordance with their authority. The words "of" and "in" are understood to be used as distributives of the $12,000. They agree to bind that sum, in all, among the companies. Separate policies for one-fifth of the risk each, in each of these four and in another company, were written by the agents upon the blanks of the respective companies furnished to the agents. before the agents know of the loss. The plaintiffs demanded these policies, which were refused. The plaintiffs were not entitled to the policy of the other company, because it had never been contracted for. Hence the demurrer to the plaintiffs' bill by that company was sustained. 20 Fed. Rep. 766. This construction of the written agreement by the parties excludes any understanding that there was to be a joint policy for the whole. The whole case goes to show that the understanding was that separate policies to the amount of $12,000 in all, in the respective companies, were to be made out and delivered by the agents. They had no blank policies executed by all the companies jointly, and would doubtless have been as much surprised if the plaintiffs had requested, as the companies would if the agents had asked of them, such policies.

The effect of the decision of this question upon the right to appeal has been urged, but that has no present bearing. It is the duty of this court to make such decree upon the case as made as appears to be lawful and just. Whether any appeal lies from such decree, when made, is to be determined by the law applicable to that subject.

The risk was to be divided among the defendant companies. The presumption is that it was to be divided equally, as nothing to the contrary is shown. The defendants appear to have denied the plaintiffs' rights to policies, and to payment of loss, August 29, 1883, and did not permit them to make proof of loss under the policies, if such were required. The plaintiffs' rights appear to have accrued upon that refusal, and interest is to be computed from that time.

Let a decree for the orators be entered for the payment, by the defendants each, respectively, to the oratrix of $3,000, with interest, and one-fourth of the costs of suit, within 30 days from the entry of the decree.